UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

       Plaintiff,

v.                               Case No.:  2:18-cv-485-FtM-38MRM

JOSEPH VIACAVA, SAWYER
SMITH, RYAN DOYLE, THE
WILBUR SMITH LAW FIRM 2065
LLC and GERALDO OLIVO,

       Defendants.

_____/

## OPINION AND ORDER[1]

    Before the Court is Defendants Sawyer Smith, Ryan Doyle, and Geraldo Olivo's

Amended Joint Motion to Dismiss (Doc. 36) along with Defendant The Wilbur Smith Law

Firm 2065 LLC's Motion to Dismiss (Doc. 37).  Plaintiff David Hastings did not respond to

either, and the time to do so passed.  For these reasons, the Court grants the Motions.

## BACKGROUND[2]

    Everything began with a criminal case in state court.  (Doc. 28).  Hastings retained

Defendants to defend him in the matter.  As a result of Defendants' negligence, says

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The operative pleading is the Third Amended Complaint (the "Complaint") (Doc. 28). These are the facts pled in the Complaint and accepted as true.  *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Hastings, he was convicted. Hastings remains incarcerated and has not received postconviction relief.

Hastings alleges these counts in the Complaint: (1) gross negligence under Florida Statute 95.11 against Defendant Joseph Viacava (Doc. 28 at 19-27); (2) gross negligence under Florida Statute 95.11 against Smith, Doyle, and Olivo (Doc. 28 at 27-32); and (3) gross negligence and negligent hiring and retention under Florida Statute 95.11 against Wilbur Smith (Doc. 28 at 32-36).[3]

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendants argue Hastings cannot state a claim because he never obtained postconviction relief. Put simply, they are right.

Hastings labels his claims as gross negligence and professional malpractice under Florida Statute § 95.11. (Doc. 28 at 1, 19-36). That statute sets the limitation periods for

---

[3] Sitting in diversity over state-law claims, the Court applies Florida substantive law. *E.g.*, *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017).

various claims, but it does not create an independent cause of action.  *Hastings v. Smith*, No. 2:19-cv-32-FtM-29MRM, 2019 WL 3867492, at *2 (M.D. Fla. July 19, 2019), *report and recommendation adopted*, 2019 WL 3858000 (Aug. 16, 2019).  Yet pro se pleadings are construed liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  So the Court construes these as claims for legal malpractice.  *See* (Doc. 28 at 18 (Defendants "were grossly negligent in the defense of Plaintiff in 2014, constituting legal malpractice."); *see also E.P. v. Hogreve*, 259 So. 3d 1007, 1009-10 (Fla. Dist. Ct. App. 2018) (construing allegations of professional negligence as legal malpractice).

There are three elements to legal malpractice: "(1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of the client's loss."  *Steele v. Kehoe*, 747 So. 2d 931, 933 (Fla. 1999). Another element applies for plaintiffs alleging malpractice in a criminal case.  *E.g.*, *Cira v. Dillinger*, 903 So. 2d 367, 370-71 (Fla. Dist. Ct. App. 2005).  A "convicted criminal defendant must obtain appellate or postconviction relief as a precondition to maintaining a legal malpractice action."  *Kehoe*, 747 So. 2d at 933.  This "exoneration requirement" means that a plaintiff (who was the criminal defendant) must establish a favorable final disposition of the underlying criminal case.  *Cocco v. Pritcher*, 1 So. 3d 1246, 1248 (Fla. Dist. Ct. App. 2009).  This requirement rests on several policy rationale.  One reason is self-explanatory—absent relief from a conviction, "the criminal defendant's own actions must be presumed to be the proximate cause of the injury."  *Kehoe*, 747 So. 2d at 933.

According to the Complaint, the state court denied Hastings' motion for postconviction relief from his criminal conviction.  (Doc. 28 at 18).  His appeal of that denial was also unsuccessful.  (Doc. 28 at 18).  Thus, from the Complaint, Hastings has

not received postconviction relief. And he cannot maintain a legal malpractice action without it. *E.g.*, Kehoe, 747 So. 2d at 933; *see also* Garcia v. Diaz, 752 F. App'x 927, 932 (11th Cir. 2018) (Defendant "obtained no 'relief' for his conviction and thus has no cognizable claim under Florida law for legal malpractice." (quoting Kehoe, 747 So. 2d at 933)); Schreiber v. Rowe, 814 So. 2d 396, 398-400 (Fla. 2002). This should come as no shock to Hastings. Over the summer, the Court dismissed his case against a different group of attorneys for the same reason, among others. Hastings, 2019 WL 3867492, at *3. The Complaint, therefore, fails to state a claim, and it is dismissed.[4]

This rule applies all the same to Wilbur Smith Law Firm even though the claim against it is for negligent hiring and retention. (Doc. 28 at 32-36). Like here, the Eleventh Circuit applied the exoneration requirement to claims by a criminal defendant against prosecutors for negligent training and supervision. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1285-87 (11th Cir. 2002). The Court analogized *Kehoe* and held the criminal defendant must obtain postconviction relief before pursuing these types of claims. Id. at 1286-87. To hold Wilbur Smith Law Firm liable for its employees' legal malpractice, Hastings must still make the showing of postconviction relief to establish proximate cause. See id.; Spadaro v. City of Miramar, 855 F. Supp. 2d 1317, 1331 & n.6 (S.D. Fla. 2012) (applying *Rowe* and *Kehoe*). In sum, there is no difference in the result.

Further, while not discussed by the parties, one Defendant failed to appear. Hastings filed a proof of service for Viacava, who neglected to appear and challenge that service or otherwise defend the action. (Doc. 35). So a clerk's default might be proper.

---

[4] As Defendants note, these claims may be unripe too. A legal malpractice cause of action does not accrue, nor does the statute of limitations begin running, until the criminal defendant obtains postconviction relief. *E.g.*, Kehoe, 747 So. 2d at 933.

*See* Fed. R. Civ. P. 55(a).  But ultimately, the result for the other Defendants equally applies to Viacava.  Because the claim against him is also for legal malpractice (Doc. 28 at 19-27), Hastings cannot state a valid claim.  *Kehoe*, 747 So. 2d at 933.  And the Court could not enter default judgment against him.  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (requiring courts to determine whether a complaint states a valid claim before entering default judgment); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("[E]ven when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits.").

Accordingly, it is now

**ORDERED:**

1. Defendants' Sawyer Smith, Ryan Doyle, and Geraldo Olivo's Amended Joint Motion to Dismiss (Doc. 36) is **GRANTED**.

2. Defendant The Wilbur Smith Law Firm 2065 LLC's Motion to Dismiss (Doc. 37) is **GRANTED**.

3. Plaintiff's Third Amended Complaint (Doc. 28) is **DISMISSED**.

4. The Clerk is **DIRECTED** to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record