UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

   Plaintiff,

v.              Case No.: 2:18-cv-485-FtM-38MRM

JOSEPH VIACAVA, SAWYER
SMITH, RYAN DOYLE, THE
WILBUR SMITH LAW FIRM 2065
LLC and GERALDO OLIVO,

   Defendants.
             /

## **ORDER**[1]

  Before the Court is Plaintiff David Hastings' Motion for Reconsideration (Doc. 41). By way of an Order (Doc. 39), the Court granted Defendants' Motions to Dismiss (Docs. 36; 37) and dismissed Hastings' Third Amended Complaint (Doc. 28). Now, Hastings moves for reconsideration of that Order, stating that he never received Defendants' Motions to Dismiss. (Doc. 41).

  "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Reynolds Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotation marks and citation omitted). "Further, in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." *Stalley v. ADS All. Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013) (internal quotation marks and citation omitted). There are three grounds for reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015) (citation omitted).

Hastings' Motion is based solely on the ground that he did not receive copies of the Motions to Dismiss. His address has not changed. (Doc. 41 at 2). There is no indication he failed to receive any other documents. And the Motions to Dismiss each contained certificates of service, certifying that Defendants mailed copies to Hastings. (Docs. 36 at 6; 37 at 7). Moreover, the Court did not dismiss the Third Amended Complaint due to Hastings' failure to respond. Instead, the Order considered the merits and followed well-established law that Hastings cannot state a claim until he obtains postconviction relief. (Doc. 39 at 2-5). For that reason, the Court is skeptical any basis exists to reconsider its Order, despite any potential service issues. At least one other court rejected a pro se plaintiff's reconsideration motion under similar circumstances. *Echeverry v. Wells Fargo Bank, N.A.*, No. 16-cv-61635-GAYLES, 2017 WL 880424, at *1 (S.D. Fla. Mar. 6, 2017).

In an abundance of caution, however, the Court will allow Hastings to supplement his Motion for Reconsideration (Doc. 41) to explain how he stated a claim and why the Court should reconsider its Order (Doc. 39).

Accordingly, it is now

**ORDERED:**

1. Plaintiff must **SUPPLEMENT** his Motion for Reconsideration (Doc. 41), explaining how he stated a claim and why the Court should reconsider its Order (Doc. 39). **The failure to file this supplement will result in denial of the Motion for Reconsideration (Doc. 41) without further notice**.

   a. Plaintiff's supplement must be filed **on or before November 1, 2019**.

   b. Defendants may respond **on or before November 8, 2019**.

2. The Court **RESERVES RULING** on the Motion for Reconsideration (Doc. 41).

3. The Clerk is **DIRECTED** to send a copy of this Order—along with copies of the Motions to Dismiss (Docs. 36; 37)—to Plaintiff.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of October, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record