UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                       Case No.: 2:18-cv-485-FtM-38MRM

JOSEPH VIACAVA, SAWYER
SMITH, RYAN DOYLE, THE
WILBUR SMITH LAW FIRM 2065
LLC and GERALDO OLIVO,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Plaintiff David Hastings' Motion for Reconsideration (Doc. 41) and Defendants response in opposition (Doc. 44). Hastings seeks reconsideration of the Court's Order dismissing his case (Doc. 39). Because Hastings did not receive a copy of the Motions to Dismiss (Docs. 36; 37), the Court allowed Hastings to supplement his Motion for Reconsideration (Doc. 41) to explain how he stated a claim and why the Court should reconsider. (Doc. 42). He responded (Docs. 43; 44). Still, the Court denies the Motion for Reconsideration (Doc. 41) for these reasons.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

The initial Order did not detail the lengthy facts from the Complaint.[2] (Doc. 39 at 1-2). So the Court will do so here for clarity.

In state court, Hastings had three related cases. The first (No. 13-DR-1298) was a domestic violence case (the "DV Case"). (Doc. 28 at 16). At some point, the state court entered a final injunction, which prohibited Hastings from contacting his ex-wife or daughter. (Doc. 28 at 9, 11, 19). Hastings alleges it was never served on him. (Doc. 28 at 11). Nevertheless, the state court issued a warrant for Hastings' violation of the final injunction. (Doc. 28 at 9). Hastings was arrested in California on that warrant and eventually extradited to Florida. (Doc. 28 at 9-11).

Once in Florida, Hastings appeared in state court for two charges. (Doc. 28 at 11). Those cases were for aggravated stalking of his ex-wife (the "Wife Case") (No. 14-CF-12) and aggravated stalking of his daughter (the "Daughter Case") (No. 14-CF-15858). (Doc. 28 at 11). Defendants represented Hastings in the state-court proceedings. (Doc. 28). Eventually, the State nolle prossed the Daughter Case. (Doc. 28 at 15). But Hastings pled guilty to the Wife Case. (Doc. 28 at 15, 29-30). Hastings was placed on probation. (Doc. 28 at 15-18). But he was later arrested for violating probation, leading to a five-year sentence. (Doc. 28 at 15-18). While incarcerated, Hastings discovered two cases on service of final injunctions that he believes Defendants should have used to have the Daughter Case dismissed. (Doc. 28 at 17-18). Hastings' appeals related to the Wife Case were unsuccessful, and he remains incarcerated. (Doc. 28 at 18-19).

---

[2] The operative pleading is the Third Amended Complaint. (Doc. 28).

Hastings filed this case for legal malpractice against Defendants. (Doc. 28). However, Hastings clarified his malpractice claims are limited only to representation in the Daughter Case. (Doc. 44 at 5, 7, 9, 11-12).

## LEGAL STANDARD

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotation marks and citation omitted). "Further, in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." *Stalley v. ADS All. Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013) (internal quotation marks and citation omitted). There are three grounds for reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015) (citation omitted).

## DISCUSSION

According to Hastings, this action is for malpractice only in the Daughter Case. That case was nolle prossed in Hastings' favor. So in the Daughter Case, Hastings obtained the ultimate result he wanted. As Defendants argue, however, much of the alleged malpractice and resulting losses have nothing to do with the Daughter Case. Rather, they relate to the Wife Case, for which Hastings has not received postconviction relief. For instance, there are malpractice allegations for the conviction, violation of

probation, and Hastings' subsequent incarceration. None of those involve the Daughter Case. And again, Hastings cannot bring a malpractice claim based on those losses until he receives postconviction relief. *E.g.*, Steele v. Kehoe, 747 So. 2d 931, 933 (Fla. 1999).

To the extent Hastings argues Defendants should have discovered nonservice and moved to dismiss the Daughter Case sooner, that would not have impacted any of the alleged losses. Even if the Daughter Case were nolle prossed sooner, the Wife Case was still ongoing. The State prosecuted Hastings in the Wife Case, eventually resulting in a guilty plea and probation. Both the Wife and Daughter Cases stemmed from violating the final injunction in the DV Case, but dismissal of the Daughter Case would not have changed the result in the Wife Case nor affected any of the alleged losses. So there are no alleged losses attributable to the Daughter Case not also directly attributable to the Wife Case.[3] Put another way, the Complaint does not adequately allege Defendants' actions in the Daughter Case are the proximate cause of Hastings' losses. And the Complaint was properly dismissed.

Relatedly, even if the Court accepted Hastings' argument that the malpractice only relates to the Daughter Case, that action would be barred by the statute of limitations. As Defendants noted in the Motions to Dismiss and the Court stated in its Order, the statute of limitations begins when a criminal defendant obtains relief. *See, e.g.*, Kehoe, 747 So. 2d at 933. So for the Daughter Case, that clock started running when the charge was

---

[3] While a bit unclear, the Complaint clarifies Hastings was originally arrested and extradited to Florida (at least in part) over the Wife Case. (Doc. 28 at 30). This is supported by his filings in other cases before the Court. In *Hastings v. Sec'y, Fla. Dep't of Corr.*, No. 2:19-cv-00528-TPB-MRM, Hastings filed the original arrest warrant leading to his extradition. (Doc. 28 at 9-11); *Hastings*, No. 2:19-cv-00528 at (Doc. 7-8). At the top is the case number for the Wife Case. *Hastings*, No. 2:19-cv-00528 at (Doc. 7-8).

4

nolle prossed in October 2014. See id.; *Larson & Larson, P.A. v. TSE Industries, Inc.*, 22 So. 3d 36, 39-44 (Fla. 2009) (citing *Silvestrone v. Edell*, 721 So. 2d 1173, 1175-76 (Fla. 1998)); *Cira v. Dillinger*, 903 So. 2d 367, 371-72 (Fla. Dist. Ct. App. 2005). Florida has a two-year statute of limitations for lawyer malpractice. Fla. Stat. § 95.11(4)(a). Because this case was not filed until July 2018, the claim would be time barred.

Finally, the core of Hastings' malpractice claim revolves around nonservice of the final injunction in the DV Case and later conviction in the Wife Case. According to the Complaint, the service issue was litigated and relief rejected in state court. (Doc. 28 at 18-19). And Hastings filed a habeas petition in this Court based on that issue. *Hastings*, No. 2:19-cv-00528-TPB-MRM. If Hastings obtains postconviction relief from his conviction, then perhaps he could make out a malpractice claim afterwards. Until then, the Court must still presume that it was Hastings' conduct (not Defendants' actions in the Daughter Case) that was the proximate cause of the losses alleged in the Complaint. *E.g.*, *Kehoe*, 747 So. 2d at 933. However, the Court will amend the judgment to clarify the dismissal was without prejudice in the event Hastings can bring a claim later.

Accordingly, it is now **ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. 41) is **DENIED**.
2. The Clerk is **DIRECTED** to amend the judgment to clarify the case was **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record